# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR L. MORENO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL NO. 06-044-JPG |
| TERRY L. McCANN, BILLY J. ) | |
| GROANING, DIANA L. WRIGHT, ) | |
| RONALD G. McGILL, OFFICER RETZ, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, a former inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL BACKGROUND

Based on Plaintiff's complaint and supporting exhibits, the Court has gleaned the following. On June 30, 2005, Plaintiff was placed in investigative status "due to possible insolence." On July 7, 2005, a disciplinary report was filed against Plaintiff for sexual misconduct and insolence for making sexual comments to Shawnee Food Supervisor Hamilton (not a defendant). A disciplinary hearing was held on July 9, 2005, by the Adjustment Committee, Defendants Groaning and White presiding. Plaintiff was found guilty of sexual misconduct and was disciplined with six months in segregation, six months c-grade, a disciplinary transfer, and revocation of six months of good conduct credit. According to documents submitted with the complaint, on August 3, 2005, the Administrative Review Board disapproved of the disciplinary actions and reduced his segregation to three months, his demotion to c-grade to three months, and his loss of good conduct credit to three months. On August 18, 2005, the Director further reduced the loss of good conduct credit from three months to none.

Plaintiff argues that he was denied due process during the disciplinary proceedings in the following ways. First, the charges were "malicious prosecution" because he did not commit any conduct that constituted sexual misconduct under the department rules. Second, eyewitnesses to the incident were not the individuals to write the incident report, even though required to do so by department rule. Third, he was not allowed to speak to a reviewing officer, as required by department regulation, before he was put on investigative status. Fourth, he was not properly

informed of the subject of the investigation against him, in violation of department regulation. Fifth, he was denied his statutory right to call witnesses to testify on his behalf. Sixth, he was not given the required 24 hours notice of the charges against him before his hearing and he did not have adequate time or materials to prepare. Seventh, the Shawnee Warden was involved in picking impartial adjustment committee members, in violation of state regulation. Eighth, the adjustment committee ignored exonerating evidence, in violation of department rules. Ninth, the adjustment committee did not base its decision on relevant information and evidence as required by department rules. Tenth, based on the information before it, the adjustment committee should not have been "reasonably satisfied" that there was some evidence that Plaintiff committed the offense, in violation of department rules. Eleventh, the adjustment committee did not perform its own analysis of the evidence to determine that Plaintiff was guilty of the offense.

## LEGAL STANDARDS

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the

conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for three months[1] in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Plaintiff was also demoted to c-grade for three months, and was given a disciplinary transfer. However, these allegations also do not present a viable constitutional claim, because they do not show denial of a protected liberty interest. *See, e.g., Hoskins v. Lenear,* 395 F.3d 372, 375 (7th Cir. 2005) (*citing Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004)) (no protected liberty interest in disciplinary transfer); *Thomas v. Ramos,* 130 F.3d 754,

---

[1] Plaintiff was originally sentenced to six months in segregation, but the term was reduced to three months by the Administrative Review Board.

762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Without a protected liberty interest, Plaintiff has failed to state a due process claim; the Court will not go on to evaluate the process he received.

A loss of good time credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff could have presented a cognizable due process claim regarding good time credit revoked in the disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck* v. Humphrey, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.* to consider the merits of Plaintiff's claim.

Plaintiff's failure to present the claim to Illinois courts would be sufficient reason to dismiss the claim, however, in this case, Plaintiff has pleaded himself out of court by submitting to the Court exhibits indicating that all of Plaintiff's lost good time credit was restored on administrative review of the adjustment committee's disciplinary determination.

> "A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts . . . . Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir.1995).

*Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). Without any loss of good time credit,

Plaintiff has failed to state a due process claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated:  August 23, 2006**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**